**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ROY HERSEY,**

    **Petitioner,**

v.                                                                      Case No.  8:03-cv-573-T-30TBM

**JAMES V. CROSBY, JR.,**
**Secretary, Department of Corrections,**
**State of Florida**

    **Respondent.**
_____/

## ORDER

Roy Hersey (hereinafter "Petitioner" or "Hersey"), an inmate of the Florida penal system proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt.1).  Hersey is challenging his January 30, 2001 convictions for driving while license revoked and petit theft and the April 24, 2001 conviction and sentence for violating the terms of his community control entered by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida.  Respondent has filed a response to the petition (Dkt. 12), and Hersey has filed a reply thereto (Dkt. 13).  The matter is now before the Court for consideration on the merits of the petition.

## BACKGROUND

On January 30, 2001, Petitioner pled guilty to one count of Driving While License Revoked and one count of Felony Petit Theft.  The state court sentenced Petitioner to a five (5) year suspended sentence and ordered Petitioner to two (2) years community control,

followed by two (2) years of probation. On April 24, 2001, Petitioner was found guilty of violating his community control and was sentenced to five (5) years Florida State Prison on counts one and two of his underlying criminal convictions.

Petitioner subsequently filed a belated appeal on May 25, 2001, with the Second District Court of Appeal which was thereafter denied on July 20, 2001.

On August 6, 2001, Petitioner filed a Rule 3.850 Motion for Post- Conviction Relief and a petition for writ of mandamus alleging: (1) his driving charge was enhanced using his 1991 and 1992 Driving While License Suspended convictions, which was contrary to Huss v. State, 771 So. 2d 591 (Fla. 1st DCA 2000); (2) denial of effective assistance of counsel for counsel's failure to recognize the illegal enhancement of Petitioner's charges; (3) ineffective assistance of counsel during the violation of community control hearing wherein counsel failed to verify the information Petitioner gave regarding his new job; (4) his conviction was obtained by a violation of privilege against double jeopardy; (5) his conviction was obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant; (6) his sentence was in excess of what he scored out to; and (7) his conviction was obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

On January 11, 2001, the trial court entered an order summarily denying grounds 2, 3, 4, 5, and 7 of Petitioner's Rule 3.850 motion and ordering the State to respond to grounds 1 and 6. On February 27, 2002, the State filed its response. On March 12, 2002, the trial court entered its order denying Petitioner's Rule 3.850 motion.

Subsequently, on March 21, 2002, Petitioner appealed the trial court's denial of his Rule 3.850 motion. The Second District Court of Appeal affirmed the trial court's decision on May 17, 2002. Thereafter on May 24 and June 14, 2002, respectively, Petitioner filed Motions for Rehearing. The May 24 Motion was denied by the Second District Court of Appeal on June 19, 2002, as was the June 14, 2002 Motion. The Second District Court of Appeal's mandate was filed on July 18, 2002.

Petitioner then filed a Petition for Writ of Habeas Corpus with the Florida Supreme Court, which the Court dismissed on August 29, 2002.

On or about July 25, 2002, Petitioner filed a second Rule 3.850 motion:

> (1) [d]efendant['s] due process rights have been violated under Florida Statute 322.264. The Court has enhanced Defendant's driving charge without following requirements of Fla. Stat. 322.264 violating Equal Protection Clause of U.S. Const[itution] Amend[ment] 14. Also new laws retroactive . . . (2) "ineffective assistance of counsel. Defendant [sic] plea was obtained through misinformation as to the charges against him and the penalty phrase [sic] in violation of Defendants [sic] rights to effective assistance of counsel due process of law and equal protection as afforded by the 5th, $6^{th,}$ and 14th Amends. of the United States and Article 1 Section 9 of Fla. Const. . . . (3) Florida Statute 322.35(5) is in violation of the seperation [sic] of powers clause of the Florida Constitution . . . (4) Florida Statute 322.34(5) is in violation of the Due Process Clauses of the Florida and United States Constitution.

(Dkt 12 - Appendix, Ex. 12). The post conviction court denied the motion on August 9, 2002.

On August 26, 2002, Petitioner appealed the trial court's denial of his second Rule 3.850 motion, and on March 3, 2003, the Second District Court of Appeal, without written opinion, affirmed the trial court's decision. A mandate was issued on April 16, 2003.

On March 27, 2003, Petitioner filed the instant petition raising six grounds for relief. Acknowledging that the petition is timely, Respondent contends that the claims asserted therein fail to meet the criteria for relief under § 2254(d) and (e). For the reasons discussed below the Court agrees.

**STANDARD OF REVIEW**

Because Hersey filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Penry v. Johnson, 532 U.S. 782, 792 (2001). The AEDPA "establishes a more deferential standard of review of state habeas judgments," Fugate v. Head, 261 F.3d 1206, 1214 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002); see also Woodford v. Visciotti, 537 U.S. 19, 24 (2002) (habeas court's standard for evaluating state-court ruling is highly deferential, which demands that state-court decisions be given the benefit of the doubt).

Pursuant to 28 U.S.C. § 2254(a) "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where a state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. § 2254(d) governs the review of those claims. See Penry v. Johnson, 532 U.S. at 792; Henderson v. Campbell, 353 F.3d 880, 889-90 (11th Cir. 2003).

Pursuant to AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

>  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Price v. Vincent, 538 U.S. 634, 638-39 (2003); Clark v. Crosby, 335 F.3d 1303, 1308 (11th Cir. 2003). Even where a state court denies an application for post-conviction relief without written opinion, in this circuit that decision is entitled to the same deference as if the state court had entered written findings to support its decision. See Wright v. Sec. of Dept. of Corrs., 278 F.3d 1245, 1255 (11th Cir. 2002). Where no Supreme Court precedent is on point, or the precedent is ambiguous, it cannot be said that the state court's conclusion is contrary to clearly established federal law. Mitchell v. Esparaza, 540 U.S. 12, 17 (2003). "[A] state court's decision is not 'contrary to . . . clearly established Federal law' simply because the court did not cite [Supreme Court] opinions. . . . [A] state court need not even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" *Id.* at 16 (quoting *Early v. Packer,* 537 U.S. 3, 7-8 (2002)). "[W]hether a state court's decision was unreasonable must be assessed in light of the record the court had before it." Holland v. Jackson, 542 U.S. 649, 652 (2004) (citation omitted). A state court's factual finding is

presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Henderson, 353 F.3d at 890-91.

**Ineffective Assistance of Counsel**

To establish a prima facie claim of ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is performance which is objectively unreasonable under prevailing professional norms. Id. at 688. Prejudice results when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "[T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting Burger v. Kemp, 483 U.S. 776 (1987)).

## DISCUSSION

Petitioner asserts the following claims in his petition: (1) violation of right to effective counsel as guaranteed in the United States Constitution ; (2) ineffective assistance of counsel; (3) illegal enhancement of sentence; (4) ineffective assistance of counsel for failure to subpoena alibi witnesses and failure to properly investigate prior to the violation of community control hearing; (5) ineffective assistance of counsel for counsel's failure to have the violation of community control hearing continued due to counsel recent assignment of the case; and (6) ineffective assistance of counsel for trial counsel's failure to seek all information from Petitioner's Department of Motor Vehicles record.

**Grounds Five and Six.**

Title 28 U.S.C. § 2254(b) requires the exhaustion of state court remedies before a federal habeas corpus application will be entertained. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). See also Henderson v. Campbell, 353 F.3d at 891 ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.") (quoting Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001)); Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998) ("Exhaustion of state remedies requires that the state prisoner fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights") (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995)).

After a review of the record, this Court finds that Petitioner failed to properly exhaust Grounds Five and Six of his Petition. As such, this Court will not address the merits of these two grounds.

**Ground One.**

Petitioner alleges his trial counsel was ineffective for failing to present to the trial court the option of a drug treatment center as a condition of Petitioner's community control. First, Petitioner has shown no prejudice, i.e., he has not shown that trial counsel successfully obtaining the drug treatment facility as a condition to his community control would have changed anything about his subsequent violation.

Second, in order to substantiate his claim for ineffective assistance of counsel, Petitioner has to present some evidence that his counsel's conduct was unreasonable and that

but for the unreasonable conduct, Petitioner would have received drug treatment as a condition of his community control. However, there is no fact in the record indicating why Petitioner's trial attorney failed to present such information and Petitioner failed to develop this issue on the state court level. His failure to fully develop the factual record at the state court level leaves him with no recourse here. 28 U.S.C. § 2254(e) (2005). However, even if this Court could consider this claim, Petitioner's claim goes not to the cause of his detention, but rather the terms of his community control; this is beyond the scope of issues this Court may address in a § 2254 Petition.

It is well-settled that a petitioner's claim which goes to issues unrelated to the cause of detention does not state a basis for habeas relief. See Quince v. Crosby, 360 F.3d 1259, 1261 (11th Cir. 2004) (citing Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987) (involving claims as to errors at a hearing on the petitioner's 3.850 motion)); see also Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir. 1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself.") (internal quotes omitted); Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989) (agreeing with the majority view and holding that "a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings"). "Therefore, while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief." Quince, 360 F.3d at 1262 (citation omitted).

**Ground Two.**

In Ground Two, Petitioner claims ineffective assistance of counsel due to his counsel misadvising him of the charge to which he pled. Specifically, Petitioner states at the time of his plea, he was pleading to Driving While License Suspended, not Driving While License Revoked, the charge under which he was sentenced. Petitioner alleges that due to his trial counsel's failure to inform the trial court of the actual charge being pled to, he pled to a crime he did not commit. However in Ground Three, Petitioner, clearly contradicts the allegations in Ground Two stating, "Petitioner is not contesting the Fla. Statute he was charged under, but he is contesting the Statute he was sentenced under which is 322.264 enhancing Fla. Statute 322.35(5) to a felony opposed to a misdemeanor." (Dkt. 1 at 8).

As clearly demonstrated by Petitioner's own allegations, Petitioner was fully aware of the charges to which he pled. His claim trial counsel was ineffective is disingenuous and is belied by the allegations in Ground Three of his Petition.

Accordingly, Ground Two is denied.

**Ground Three.**

Petitioner alleges that his sentence was enhanced in violation of the Equal Protection Clause (Dkt. 1 at 8). The Equal Protection Clause of the Fourteenth Amendment commands that no state shall "deny to any person within its jurisdiction the equal protection of the law." U.S. Const. amend. 14. "The Equal Protection Clause 'is essentially a direction that all persons similarly situated should be treated alike.' " Spence v. Zimmerman, 873 F.2d 256, 258 (11th Cir. 1989) (citation omitted). Government officials' different treatment of two

groups does not automatically constitute a violation of the Equal Protection Clause. Damiano v. Florida Parole and Probation Comm'n, 785 F.2d 929, 932-33 (11th Cir. 1986). That is, to state an equal protection claim, Petitioner must allege that he is similarly situated with individuals who were treated differently than he *and* that the differential treatment was discriminatorily based on Petitioner's membership in a constitutionally-protected class, such as "race, religion [or] national origin. . . ." Id.; see also City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). The different treatment must further be the result of intentional discrimination. Arlington Heights v. Metropolitan Housing Dev. Corp., 429 U.S. 252, 265 (1977) ("Proof of . . . discriminatory intent or purpose is required to show a violation of the Equal Protection Clause.").

Petitioner's Equal Protection allegation at best is vague, general and conclusory. Fullman v. Graddick, 739 F.2d 553, 556-57 (11 th Cir.1984). For example, nowhere in the record does Petitioner explain which particular "rights and privileges" he has been denied giving rise to his claim. As such, Ground Three of the Petition is denied.

**Ground Four.**

In Ground Four, Petitioner alleges ineffective assistance of counsel for counsel's failure to subpoena alibi witnesses and failure to properly investigate alleged violation of community control. Specifically, Petitioner alleges counsel failed to subpoena witnesses who agreed to testify and verify events relevant to Petitioner's violation of community control, i.e., Petitioner violated his 6:30 p.m. curfew due to a job interview running late. However, Petitioner failed at the state level to identify the alibi witnesses by providing the witnesses'

name and address, the substance of the witnesses' testimony and how the testimony would change the outcome of violation of community control hearing. His failure to provide such information at the state level precludes him from doing so before this Court.

Notwithstanding, even if the witnesses had been called to testify, their testimony would not have changed the outcome of the community control hearing. In Petitioner's Supplement Stating Facts Supporting Motion For Post Conviction Relief, Petitioner acknowledges that after leaving his interview, he "went to Heritage Plastics to see about retrieving [his] work khakis [he] had left that [he] needed to work in." (Dkt 12 - Appendix, Ex. 4). Clearly, the testimony Petitioner contends his alibi witness would have presented is contradicted by his sworn statements in his Rule 3.850 motion.

This Court finds that given Petitioner's sworn statement that after leaving the job interview he went to his former place of employment before going home, even if Petitioner's alibi witness had been called to testify, her testimony would not have had any effect on the outcome of the violation of community control proceedings. Thus, Petitioner has not demonstrated that his defense was prejudiced by trial counsel's failure to subpoena the alibi witness. See Strickland, 466 U.S. at 694. The Court need not address the deficiency component of Petitioner's ineffective assistance claim because failure to satisfy the prejudice component is dispositive. Id. 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."). Accordingly, Ground 4 of the Petition is denied.

## CONCLUSION

For reasons set forth above, the Court finds that Petitioner has failed to establish he is entitled to federal habeas relief.

It is therefore ORDERED AND ADJUDGED that:

1. The Petition for Writ of Habeas Corpus is denied, with prejudice.

2. The Clerk is directed to enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on March 31, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2003\03-cv-573 Habeas Petition.wpd